**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1319

MARCO A. MIRANDA SANCHEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

------------------------------

TAHIRIH JUSTICE CENTER,

Amicus Supporting Petitioner.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 30, 2023                    Decided:  December 5, 2023

Before DIAZ, Chief Judge, and AGEE and HEYTENS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

**ON BRIEF:** Jennifer Kwon, Sophia L. Gregg, Rebecca Wolozin, Simon Y. Sandoval-Moshenberg, Zhue D. Azuaje, LEGAL AID JUSTICE CENTER, Falls Church, Virginia, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Jessica A. Dawgert, Senior Litigation Counsel, Giovanni B. Di Maggio, Office of

Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marco A. Miranda Sanchez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the Immigration Judge's ("IJ") decision denying his application for deferral of removal under the Convention Against Torture ("CAT").  Because we lack jurisdiction over Sanchez's petition for review, we dismiss it.

Sanchez illegally entered the United States in 1994.  The immigration authorities removed Sanchez from this country about four years later pursuant to a 1998 order of removal.  Sanchez thereafter reentered the United States, and in November 2019, the Department of Homeland Security issued Sanchez a Notice of Intent/Decision to Reinstate Prior Order.  In that document, an immigration officer (1) determined that Sanchez was subject to removal through reinstatement of the 1998 removal order, and (2) noted that Sanchez refused to sign the document, which has a section asking whether the noncitizen wishes to contest the reinstatement determination.  Sanchez subsequently expressed a fear of returning to Mexico, and an asylum officer found that fear to be reasonable.  Sanchez was thus referred to the immigration court for withholding-only proceedings.

In those proceedings, Sanchez—through counsel—applied for deferral of removal under CAT.  The IJ denied Sanchez's application for CAT relief after several hearings. Sanchez appealed to the Board, and the Board entered a March 21, 2022, order dismissing the appeal and sustaining the IJ's denial of CAT relief.  On March 24, 2022, Sanchez petitioned this court for review of the Board's March 21 order.

Although the parties have agreed that we possess jurisdiction over Sanchez's petition for review, "[w]e have an independent obligation to assure ourselves of jurisdiction to decide an appeal." *Martinez v. Garland*, __ F.4th __, __, No. 22-1221, 2023 WL 7800113, at *2 (4th Cir. Nov. 16, 2023). We generally possess jurisdiction to review "a final order of removal." 8 U.S.C. § 1252(a)(1). A noncitizen must petition for review within 30 days "of the final order of removal." 8 U.S.C. § 1252(b)(1). "The 30-day deadline is mandatory and jurisdictional and is not subject to equitable tolling." *Martinez*, 2023 WL 7800113, at *3 (internal quotation marks omitted). "[O]nce we have a final order of removal before us, we can consider along with it 'all questions of law and fact . . . arising from any action taken or proceeding brought to remove [the] alien from the United States.'" *Id.* at *2 (quoting 8 U.S.C. § 1252(b)(9)) (ellipsis and second alteration in original).

Sanchez seeks review of the Board's order affirming the denial of his application for CAT relief. We recently held in *Martinez*, however, that an order denying CAT relief is not a final order of removal for purposes of § 1252(a)(1). *Id.* at *3. So for us to exercise jurisdiction over the Board's order affirming the denial of CAT relief, Sanchez "must identify another eligible order" that is properly before us. *Id.* at *4. But Sanchez cannot do so because he did not timely petition for review of a final order of removal. That is, Sanchez did not petition for review within 30 days of the 1998 removal order or the 2019 reinstatement order.[1] So there is no final order of removal properly in front of us that

---

[1] Sanchez did not contest the immigration officer's reinstatement order as he refused to sign the document, so it became final in November 2019. *See Martinez*, 2023 WL 7800113, at *4.

4

would allow us to review the Board's order affirming the denial of CAT relief. We thus

lack jurisdiction over Sanchez's petition for review.[2] *Id.* at *7-8.

Accordingly, we dismiss the petition for review. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[2] In a Fed. R. App. P. 28(j) letter, Sanchez maintains that we may exercise jurisdiction over the Board's order affirming the denial of CAT relief under 8 U.S.C. § 1252(a)(4) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under [CAT] . . . ."). But that provision means only that we may review an order denying CAT relief as part of our review of a final order of removal. It does not permit us to review an order denying CAT relief without a final order of removal properly before us. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) (citing § 1252(a)(4) and explaining that order denying CAT relief is reviewable "as part of the review of a final order of removal" (internal quotation marks omitted)); *Martinez*, 2023 WL 7800113, at *3-4 (recognizing that federal appellate court may review order denying CAT relief only as part of its review of final order of removal); *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190 n.13 (2d Cir. 2022) (explaining that § 1252(a)(4) does not enable federal appellate court to exercise jurisdiction over order denying CAT relief "in the absence of a judicially reviewable final order of removal").

5